United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30902
Summary Calendar

DERRICK HOLMES,

                              Plaintiff-Appellant,

versus

CITY OF BASTROP; ET AL.,

                              Defendants,

CITY OF BASTROP; RAY SEBRUN, Individually and
in His Official Capacity as a Police Officer with
the Bastrop City Police Department,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:03-CV-00793-RGJ
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

      Derrick Holmes appeals from the district court's order

granting summary judgment to the defendants based on qualified

immunity on his claim of excessive force under 42 U.S.C. § 1983.

We review the district court's order de novo.  Cousin v. Small,

325 F.3d 627, 637 (5th Cir.), cert. denied, 540 U.S. 826 (2003).

---

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Holmes, who was suspected of possessing narcotics, attempted to flee from Officer Sebrun by jumping on a train. He alleged that Officer Sebrun used excessive force by grabbing him to prevent his escape and causing him to fall beneath the train, which severed both of his legs. After a review of the record, we conclude that the district court did not err by concluding that Officer Sebrun acted objectively reasonably. See Graham v. Connor, 490 U.S. 386, 396-97 (1989); Gutierrez v. City of San Antonio, 139 F.3d 441, 447 (5th Cir. 1998). The district court was not bound by the opinion of Holmes's expert on the issue of reasonableness. See Williams v. Bramer, 180 F.3d 699, 703 (5th Cir. 1999); Gutierrez, 139 F.3d at 447. Holmes has not demonstrated a genuine issue of material fact as to Sebrun's alleged impairment due to testing positive for using Valium as he fails to present more than a scintilla of evidence. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). The district court also did not erroneously grant summary judgment on Holmes's state-law negligence claims because Sebrun's conduct was reasonable under the totality of the circumstances. See Kyle v. City of New Orleans, 353 So. 2d 969, 972-73 (La. 1977).

AFFIRMED.